**HARTFORD ACCIDENT & INDEMNITY CO. v. HARDIN et al.**

No. 15364.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 31, 1952.

Rehearing Denied Nov. 28, 1952.

Dawson, Jones, Parish & Fillmore, Wichita Falls, for appellant.

E. W. Napier, Wichita Falls, for appellees.

RENFRO, Justice.

This is a Workmen's Compensation case. Appellee, Mrs. Emma Hardin, was an employee of Levi Strauss Company, clothing manufacturers. Appellant, Hartford Accident and Indemnity Company, was the insurance carrier.

Appellee received an injury on June 28, 1950, and filed claim for compensation on July 12, 1951, twelve months, fifteen days after the injury.

In her petition, appellee alleges that she did not file her claim for compensation with the Industrial Accident Board within the time prescribed by law for the reason that following her injury and up until the time she filed her claim she believed her condition to be temporary and not of a serious nature.

The appellant presents six points of error but agrees the sole point for consideration by this court is whether or not good cause existed for appellee's failure to file her

claim with the Industrial Accident Board from June 28, 1950, to July 12, 1951.

Appellee testified that on Wednesday, June 28, 1950, at 3:00 p. m., while throwing a bundle of clothing up on a high stack, she severely hurt her back. It felt just like a streak of fire going down through her backbone. She worked most of the following six months but continued to suffer with her back. In the six months —following the accident—she received eighty treatments from two chiropractors. She took some treatments from at least two physicians. At various times she stayed away from work for periods of a week or two weeks at a time, but her back did not get so severe as to cause her to stop work entirely until January 19, 1951. At that time she had to go to bed and could not even do her housework. She did no work after January 19, and on March 6 she made a claim against the Metropolitan Life Insurance Company, under a group health policy, for total and permanent disability. In her application, she stated that she suffered a back injury on June 28, 1950, and had been confined to the house from January 19 to the date of the application. At the same time she made the above mentioned application, she procured from her family physician a certificate in which he states that the patient had been continuously disabled, and "according to history, discontinued work January 19, 1951." In a signed statement dated May 2, 1951, she stated that the pain kept getting worse in her back and she quit work on January 19, 1951, and she had not been able to do her housework since. She went to an attorney on July 11, 1951, and the claim was filed with the Industrial Accident Board the next day.

■ The term "good cause" for not filing a claim for compensation is not defined by statute but it has been uniformly held by the courts of this State that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinary prudent person would have exercised under the same or similar circumstances. Ordinarily, whether he has used the degree of diligence required is a fact to be determined by the trier of the facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370.

■ The period of six months provided in the statute for the filing of a claim with the Industrial Accident Board begins to run on the date of the injury. Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900.

■ When a claim is not filed within the statutory period of six months, the good cause must continue to the date when same is actually filed. Texas Employers' Ins. Ass'n v. McDonald, Tex.Civ.App., 238 S.W.2d 817, error refused; Holloway v. Texas Indemnity Ins. Co., Tex.Com.App., 40 S.W.2d 75; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Petroleum Casualty Co. v. Dean, Com.App., 132 Tex. 320, 122 S.W.2d 1053.

The appellee does not contend that any doctor or any one else misrepresented her condition to her. In fact, she testified that she knew as of January 24, 1951, that something was seriously wrong with her back and that it had been so continuously since June 28, 1950, and that she knew her condition was due to the injury.

In an attempt to show good cause, she testified that she kept hoping the injury would "wear out" and she thought her disability was temporary and not serious.

We think the evidence is sufficient to show good cause for not filing her claim prior to January 19, 1951, but we have come to the conclusion that appellee's own testimony shows that she realized the seriousness of her injury and that reasonable minds could not differ on the proposition that appellee knew, or by the use of reasonable diligence should have known, all during the period from January 19 to July 12 that she was disabled and had a claim for compensation that should have been filed. Belief on the part of a claimant that an injury is trivial and temporary can be good cause only when such belief is bona fide and arrived at from facts

which would lead an ordinarily prudent person to believe that such injury is trivial and temporary.

From the recited testimony, it is apparent that appellee did not show good cause for not filing her claim during the period from January 19, 1951, to July 12, 1951. She had received more than eighty treatments prior to that time. She knew, according to her testimony, that her condition was serious and had been serious since June 28, 1950. She at all times attributed her condition to the injury of the above date. Apparently she knew as much about her injury in January as she knew on July 12. We do not believe that an ordinary prudent person, under the same or similar circumstances, would consider such condition temporary and not of a serious nature. The evidence did not, in our opinion, raise the issue of good cause and the trial court erred in submitting said issues and in overruling appellant's motion for judgment non obstante. She showed no reason why she could not have filed her claim at any time between January 19 and July 12. We hold that, as a matter of law, appellee failed to prove continuing good cause up to the time the claim was filed.

Judgment of the trial court is reversed and judgment here rendered that appellee take nothing.