**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Petitioner,**

v.

**James B. BRANTLEY, Respondent.**

No. A–11114.

Supreme Court of Texas.

April 6, 1966.

Rehearing Denied April 27, 1966.

Shafer Gilliland, Davis Bunton & Mc-Collum, Perry Davis, Jr., Odessa, for petitioner.

Warren Burnett and Robert D. Pue, Odessa, for respondent.

HAMILTON, Justice.

This is a workmen's compensation case. In response to special issues the jury found that James B. Brantley, the claimant, sustained an accidental injury on February 26, 1958, resulting in a right inguinal hernia which could not be successfully repaired and which had resulted in total and permanent disability. Judgment was entered by the trial court on the verdict for Brantley awarding him compensation benefits in the

lump sum of $8,774.30. The Court of Civil Appeals affirmed. 394 S.W.2d 824. We reverse the judgments of the trial court and the Court of Civil Appeals and render judgment that the claimant Brantley take nothing.

■ The injury occurred on February 26, 1958, while Brantley was in the course of his employment for Gardner Brothers Drilling Company, Inc., in Ector County, Texas. However, he did not file his claim for benefits until July 7, 1960, some two years and four months after the date of his injury. Of course, unless the claimant has good cause for the delay in filing his claim, compensation is barred if the filing of the claim is not made within six months from the date of the injury. Article 8307, Section 4a, Vernon's Ann.Texas Civil Statutes.

Article 8306, Section 12b, Vernon's Texas Civil Statutes, provides as follows:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain. * * *"

Prior to the injury in question the claimant had been operated on for a hernia on two occasions. Both operations were apparently successful according to the respondent. The record indicates that on the day of the injury respondent was lifting a 150–200 pound crossover sub into the back of his car when he experienced a sharp pain. Later that night it "kept getting sore in there and I looked and it was kind of a swelling or puffed out place there." His employer was notified about the accident

and respondent went to the doctor on March 8, 1958. The claimant himself testified that he did not believe that it was a serious injury and that the doctor thought it was a strain and would get all right. Respondent testified that he sat in a tub of hot water each day as the doctor had directed and wore a truss for comfort and protection. Respondent's physician, Dr. Marinis, testified that about six weeks after this first visit respondent returned for a re-evaluation of his condition, and at that time he advised the respondent that he had a recurrence of his right inguinal hernia and that he should report it to his employer. This was undisputed. While the claimant was lifting a drill bit in the latter part of March or the first part of April of 1960, the hernia "broke down" completely. Respondent was discharged from his job in May, 1960, and after taking his vacation went back to see Dr. Marinis in June, 1960. He had not seen the doctor since 1958. On June 23, 1960, claimant was operated on for a "recurrent hernia."

■ In relying upon good cause for failure to file within the statutory period, the claimant is charged with the duty of prosecuting his claim with that degree of diligence which a reasonably prudent person would have exercised under the same or similar circumstances. Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989; Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370; Hartford Accident & Indemnity Co. v. Hardin, 252 S.W. 2d 752 (Tex.Civ.App., writ refused). Although the question of whether the claimant used the degree of diligence required is ordinarily one of fact, the evidence in a particular case may point to a lack of diligence on the part of the claimant as the only reasonable conclusion and this then becomes a question to be decided as a matter of law. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup., 1965); Hawkins v. Safety Casualty Co., supra.

It is our holding that the evidence in this case shows as a matter of law that the

claimant did not exercise the degree of diligence in the filing of his claim for compensation which a reasonably prudent person would have exercised under the same or similar circumstances. Therefore, no good cause existed to justify the respondent in delaying in the filing of his claim until July 7, 1960. This case is controlled by our recent opinion in the case of Texas Casualty Insurance Company v. Beasley, supra, which was handed down after the Court of Civil Appeals had written its opinion in the case before us. Both the Court of Civil Appeals and the respondent relied upon the opinion of the Court of Civil Appeals in the Beasley case. Our opinion is contrary to that one. 391 S.W.2d 33.

In Beasley, supra, the claimant was examined by three doctors after the accident and on their advice submitted to back surgery on May 8, 1961, the injury occurring on April 11, 1961. Within eight weeks the claimant was back on the job working and, in spite of the constant pain, continued to work at this same job until February 10, 1962. He quit his job and became employed on a ranch on February 15, 1962. In July of 1962 he reinjured his back and was put in the hospital for five days and released on July 23, 1962. He did not file his claim for compensation until November 13, 1962, some nineteen months after the date of the injury. This court treated the issue of good cause as whether good cause existed from the middle of July, 1962, until the date of the filing of the claim. We assumed without deciding that good cause for failure to file his claim existed until Beasley was hospitalized in July, 1962. 391 S.W.2d at 35. Therefore, we did not deal specifically with the claimant's argument there that his reason for not filing his claim was that he thought that he was going to get well. Under the view taken there by this court, when the claimant concluded that he was not going to recover after he was released from the hospital, he still made no effort to file his claim until some two and one-half months later, and offered no explanation for his delay. This we held showed as a

matter of law to be a lack of diligence on the claimant's part and no good cause existed to justify the late filing of the claim.

We also said in the Beasley case that:

"It is not enough to satisfy the statutory requirement to prove that good cause for failure to file existed during the six-month period; an injured workman owes a duty of continuing diligence in the prosecution of his claim, and must prove that good cause for failure to file continued up to the date of filing (citing cases)."

■ Again, as in Beasley, supra, we assume without deciding that good cause for failure to file a claim existed until Brantley's hernia completely "broke down" around the first of April, 1960. Claimant testified that after the hernia "broke down" he knew he would have to have an operation to correct that situation. Even so, respondent did not file a claim for compensation benefits from the first of April, 1960, until July 7, 1960, and gave no reason for his delay. It does not matter that the claimant at first thought his injury was only a strain and would heal. If later, after six months have expired from the date of the injury, the claimant finds out that his injury is serious, he must not delay further in proceeding to file his claim. Here, respondent did delay for almost three months after he knew his injury was serious, to wit, when the hernia completely "broke down." No reason was given for the delay in filing. Under these circumstances, this is too long for a person who is both reasonable and prudent to stand by and do nothing about filing a claim for compensation benefits. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup.1965).

Respondent cites the case of Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, for the proposition that a reasonable time should be allowed for the investigation, preparation and filing of a claim after the seriousness of the injuries is suspected or determined. Respondent argues that the

time lapse between April and July, 1960, was a reasonable time for preparing, investigating and filing the claim. This is not borne out by the record. In fact, the record shows that respondent went to see his attorney during the first week in July, 1960, and his claim was filed on July 7, 1960. No effort was made before by respondent to file his claim after he knew the seriousness of his condition in April of 1960 until the first week in July of 1960. As we have said before, no good cause existed for the delay in the filing of respondent's claim. Respondent's authorities are distinguishable on the facts.

Petitioner's amended motion for judgment non obstante veredicto should have been granted. The judgments of the Court of Civil Appeals and the trial court are reversed, and judgment is here rendered that the plaintiff take nothing.