**TEXAS GENERAL INDEMNITY COM-
PANY, Appellant,**

**v.**

**Alpha McILVAIN et vir, Appellees.**

**No. 24.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 17, 1968.

Rehearing Denied Feb. 14, 1968.

Raybourne Thompson, Jr., B. Jeff Crane, Jr., Vinson, Elkins, Weems & Searls, Houston, for appellant.

George E. Pletcher, Helm, Jones & Pletcher, Houston, for appellees.

BARRON, Justice.

This is a workmen's compensation suit. Plaintiffs are Mrs. Alpha McIlvain and husband, Ottis Eugene McIlvain, and the defendant is Texas General Indemnity Company, compensation insurer of Sidney Meyers, Inc. Mrs. McIlvain was an employee working in the meat department, and at the time of the accident she was weighing packaged meat when she was suddenly injured in the area of her back which caused a numbness in her left leg.

After a hearing the jury awarded Mrs. McIlvain $14,030.30 for total permanent incapacity by reason of her on-the-job injuries. The trial court rendered judgment in favor of plaintiffs on the verdict. Defendant filed motions for instructed verdict and motion for new trial, all of which attacked the trial court's rulings and special issues numbers 3, 4 and 5, inquiring whether Mrs. McIlvain's belief that she was employed by J. Weingarten, Inc., constituted good cause for her failure to file her claim for compensation before she actually did file it on January 14, 1964. The motions were overruled.

Defendant timely perfected its appeal to this court. Texas General Indemnity Company is appellant here and Mrs. McIlvain and her husband are appellees.

The evidence is undisputed that Mrs. McIlvain received her injuries on January 26, 1961. She became a full time employee for Weingarten in 1956, and in 1957, she was transferred to Sidney Meyers, Inc., a separate corporation from Weingarten, but having extensive business relations with Weingarten in connection with its various operations in Harris County. It is uncontroverted that Mrs. McIlvain was in the employ of Sidney Meyers, Inc., at all times material to this suit until after her injury on January 26, 1961. She received regular paychecks and other items in connection therewith on forms marked "Sidney Meyers, Inc." There is ample testimony in the record which shows that Mrs. McIlvain had reason to believe that she worked for Weingarten. The warehouse in which she worked was marked "Weingarten's" and her supervisor was an employee of that firm. Her personnel records were kept by Weingarten employees, and employees with whom she dealt were those of Weingarten. She was sent to a doctor by Weingarten's personnel office and the latter firm paid the doctors a portion of their bills. The address of the warehouse where Mrs. McIlvain was injured is the same as Weingarten's general office, J. Weingarten, Inc., and Weingarten's Bakery. There are other facts in the record which might cause her to believe that she was an employee of J. Weingarten, Inc.

The record further shows, however, that subsequent to appellee's injury of January 26, 1961, she took no action and talked with no one concerning her legal rights prior to contacting her attorney shortly before August 31, 1961. She took no action to ascertain her rights within six months immediately subsequent to her injury. She filed no claim and did not attempt to file one within the six month period provided by Article 8307, Sec. 4a.

Appellees contend, however, that if Mrs. McIlvain's belief that she was employed by Weingarten was justified as the jury found, her rights and duties must be tested as such would exist under her belief, and that prompt filing of a compensation claim is excused. The fact is that J. Weingarten, Inc., has never carried Workmen's Compensation insurance at any time material to this case. It is asserted that since appellee had no rights under the Workmen's Compensation Act insofar as J. Weingarten, Inc., is concerned, Mrs. McIlvain could have no obligations thereunder, and that appellee had a limitation period of two years to make her claim by suit against Weingarten. On August 31, 1961, seven months after appellee's accident, her attorney inquired of the Board whether J. Weingarten, Inc., and/or Weingarten's

Delicatessen Warehouse were subscribers under the Workmen's Compensation Act. In September, 1961, the Board informed her attorney neither was a subscriber. On the basis of information supplied by appellee as to the identity of her employer, on October 5, 1961, her attorney filed a common law action against J. Weingarten, Inc. During January, 1964, the attorney was informed by counsel for Weingarten that Mrs. McIlvain was employed by Sidney Meyers, Inc. After being so notified, her attorney, on January 14, 1964, filed appellee's claim with the Board pursuant to Article 8307, Sec. 4a. There is no testimony in the record that Mrs. McIlvain knew her former employer, Weingarten, had elected to be a non-subscriber under the Compensation Act prior to notification from her attorney after he received the Board's letter of September 11, 1961. Mrs. McIlvain admits that she had no contact with the Board before going to see her attorney sometime shortly before the attorney's letter of August 31, 1961, some seven months after the date of her injury.

▆▆▆ The burden of proof is on the claimant, appellee, to show the continued existence of good cause from the date of injury until the date the claim was actually filed with the Board. Texas Emp. Ins. Ass'n v. Doss, 301 S.W.2d 473 (Tex.Civ. App.), writ ref., n. r. e.; Texas Indemnity Ins. Co. v. Barker, 82 S.W.2d 389 (Tex. Civ.App.), no writ; Consolidated Cas. Ins. Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299. Under this record, we are bound to hold, and it is our duty to do so, that there is no evidence that appellee believed her employer was not a subscriber to Workmen's Compensation and by reason of that belief, failed to act to protect her rights within the six-month period allowed for filing a claim. She simply, without legal excuse, took no action until approximately seven months after the date of her injury. Mere mistaken belief that one is employed by another cannot be a reason for delay in ascertaining one's rights in the absence of evidence that she was deterred or de-

layed in some manner from taking action, or that she thought her injuries were trivial (Baker v. Westchester Fire Ins. Co., Tex.Civ.App., 385 S.W.2d 447, writ ref., n. r. e.), that the disability was late in developing (Maryland Casualty Co. v. Perkins, Tex.Civ.App., 153 S.W.2d 647, writ ref., w. m.), or in the absence of other reasons clearly justifying delay. See 63 Tex.Jur.2d, 269–287.

▆▆▆ The test of good cause is whether the claimant acted as a reasonably prudent person would have acted in not filing her claim until it was actually filed. Texas Cas. Ins. Co. v. Beasley, 391 S.W.2d 33 (Tex.Sup.); Texas Emp. Ins. Ass'n v. McDonald, 238 S.W.2d 817 (Tex.Civ. App.), writ ref. Although this question is usually one of fact, the evidence in a particular case may point to a lack of diligence on the part of claimant as the only reasonable conclusion, and this then becomes a question to be decided as a matter of law. Texas Emp. Ins. Ass'n v. Brantley, 402 S.W.2d 140 (Tex.Sup.); Texas Cas. Ins. Co. v. Beasley, supra. We cannot say that good cause existed in this case under the undisputed facts, in the absence of evidence and findings that appellee was wrongfully mislead or that something equivalent to fraud was practiced upon her to cause her to delay filing her claim within six months. We cannot presume or deem that the trial court made or could have made such findings in this case. Rule 279, Texas Rules of Civil Procedure. During the period from the date of appellee's injury until shortly before August 31, 1961, a period of seven months, by her own admission she took no action and talked to no one. This is fatal to her claim against appellant. See Amburn v. Employers' Liability Assur. Corporation, 77 F.2d 749 (5th Cir. 1935). The fact that her supposed employer turned out to be a non-subscriber cannot amount to good cause in an action against this appellant, the compensation insurer of the real employer, Sidney Meyers, Inc.

Therefore, the question becomes one of law and not of fact, and the trial court should have rendered judgment in favor of Texas General Indemnity Company, appellant. Young v. Safety Casualty Co., 168 S.W.2d 884 (Tex.Civ.App.), writ ref.; Texas Emp. Ins. Ass'n v. Brantley, supra.

Reversed and rendered.