**Oliver FRITZ, Appellant,**

**v.**

**TEXAS COMPENSATION INSURANCE COMPANY, Appellee.**

**No. 11631.**

Court of Civil Appeals of Texas.

Austin.

Nov. 13, 1968.

Harold Lloyd, Houston, for appellant.

James M. Shatto, Joseph R. Riley, Houston, Brown, Daniel & Brown, John B. Daniel, Jr., Temple, for appellee.

PHILLIPS, Chief Justice.

Appellant brought this suit for compensation benefits against appellee. Following a jury verdict favorable to appellant,[1] the

---

1. The jury found in Special Issue No. 10 that Oliver Fritz believed that until about the time that his claim was filed on June 1, 1966, that his injuries of December 1, 1964, would not incapacitate him, and in Special Issue No. 11 the jury found that such belief was the reason for Oliver Fritz's failing to file such claim until June 1, 1966. Special Issue No. 12 found that a reasonably prudent person would, for such reason, have delayed filing his claim until June 1, 1966.

Additionally, the jury found that plaintiff thought that his injury was trivial and that such belief constituted good cause for his failure to file his claim before June 1, 1964.

trial court entered judgment for appellee non obstante veredicto, hence this appeal.

We affirm.

Appellant is before us on three points of error,[2] however, the single question to be determined is whether good cause existed for appellant's delay in filing his notice of injury and claim for compensation with the Industrial Accident Board. This claim was not filed within six months after the injury. Section 4a of Article 8307, Vernon's Civil Statutes, states that a workman's right to compensation benefits is barred because of his failure to file his notice of injury and claim for compensation with the Industrial Accident Board within six months from the day of his injury, unless good cause existed for the delay.

That appellant received an injury in the scope of his employment is not questioned here. He had been regularly employed as a lineman for Southwestern Bell Telephone Company since 1950 and was a lineman when he injured his back climbing a telephone pole.

The sequence of events pertinent to this appeal are as follows: appellant was injured December 1, 1964; on December 2, 1964 he consulted a doctor and was treated; on January 15, 1965 he was referred to a doctor at Scott & White Hospital in Temple who treated him; on March 15, 1965 he was admitted to Scott & White Hospital for intensive treatment; on March 25, 1965 a myelogram was performed in the hospital showing the possibility of disc involvement; on March 26, 1965 he was released from the hospital; on April 10, 1965 a laminectomy and fusion was performed; on April 21, 1965 he was dismissed from the hospital; on October 29, 1965 he was allowed to return to work; on November 1, 1965 he returned to work as a lineman; on December 15, 1965 he visited his doctor who observed that a union in his back was not definitely confirmed.

After this series of events it was not until May 12, 1966 that he discussed his claim with an attorney. The attorney mailed the claim on May 30, 1966 and it was filed with the Industrial Accident Board on June 1, 1966.

The testimony discloses that appellant's doctor advised him that the operation itself might result in some degree of disability and that some discomfort might persist.

The testimony further discloses that when appellant returned to work on November 1, 1965, or shortly thereafter, he discovered that he could not do things that he could do before, that he was not improving and was continuing to have pain.

"Q Now, after you returned to work, Mr. Fritz, did you continue to have some problem with your back?

A Yes, sir.

Q What problems did you have with it?

A Well hurting.

Q All right, and was that just in your back itself?

A Yes, sir.

Q All right, how often did that bother you?

A Well, all the time.

Q Was there some improvement for a period of time after you went back to work?

A I don't believe.

*    *    *    *    *    *

Q Has that situation changed in any way, either gotten better or worse, or stayed constant in the last year?

2. *First Point of Error*: The trial court erred in entering judgment non obstante veredicto that the appellant take nothing against the appellee, Texas Compensation Insurance Company.

*Second Point of Error*: The trial court erred in refusing to enter judgment on the jury verdict.
*Third Point of Error*: The jury verdict is fully supported by the evidence.

**704**

A   I believe it has stayed the same.

Q   Don't notice any improvements or any getting worse either?

A   No, sir.

\*   \*   \*   \*   \*   \*

Q   Let me ask you this about your back, are you able to bend or stoop down as well as you could before or not?

A   Not like I use to, no, sir.

Q   All right, sir. With regard to the speed of your work, is there any difference now in how fast you can do a job than you could do it before?

A   I am slower, of course."

By giving appellant every possible benefit of doubt and assuming, but not deciding, that good cause existed until November 1, 1965, or even until he visited his doctor on December 15, 1965, by his own testimony it is apparent that he had sufficient reason to believe he would not achieve full recovery at least four months prior to filing his notice of injury and claim for compensation. In this connection he was asked the following question and gave the following answer:

"Q   All right, sir. You went back to work I believe the record indicates about November first of 1965. Can you tell us something about when you thought that perhaps your idea about achieving a complete recovery might be wrong?

A   After I had worked about two or three months."

After reviewing this record we cannot agree with appellant's contention that he thought he would fully recover; that he was misled by his doctor in the belief that he would fully recover from his injuries and that his doctor did not anticipate continuing disability as a result of the surgery performed.

After indulging every legitimate conclusion favorable to the appellant we affirm the judgment of the trial court and hold that under these facts appellant failed, as a matter of law, to prosecute his claim with that degree of diligence that an ordinary prudent person would have used under the same or similar circumstances. Texas Casualty Insurance Co. v. Beasley, 391 S.W.2d 33 (Tex.1965); Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.1966).

