The **TRAVELERS INSURANCE COMPANY**, Appellant,

v.

**Oleta WARREN, Appellee.**

No. 433.

Court of Civil Appeals of Texas.

Tyler.

Nov. 13, 1969.

Rehearing Denied Dec. 4, 1969.

Rex Nichols, Rusk, Renfrow, Zeleskey, Cornelius, Rogers & Berry, James S. Roper, Lufkin, for appellant.

Gordon Wellborn & Rex Houston, Edwin G. Bell, Rex Houston, Henderson, for appellee.

DUNAGAN, Chief Justice.

This is a workman's compensation case. Oleta Warren brought suit against The Travelers Insurance Company in the District Court of Cherokee County alleging that she sustained an injury on or about October 13, 1965, while working for her employer, East Texas Handbag Company, and/or Texas Tasty Treats, Inc., and/or Texas Creative Arts, Inc., in Cherokee County, Texas. (All of these names were used before the Industrial Accident Board.) She alleged in her petition that while she was carrying a stack of material in her arms, she suddenly and accidentally received a twisting-type injury and sprain to her low back. The case was tried to a jury which found that the appellee, Oleta Warren, sustained accidental injury on or about October 13, 1965, in the course and scope of her employment with East Texas Handbag Company, and/or Texas Creative Arts, Inc., and/or Texas Tasty Treats, Inc., and that such injury resulted in total permanent incapacity with such incapacity beginning October 13, 1965. The jury further found that on or about the day Mrs. Warren returned to work she was advised by her employer, Mrs. Goldalie Balsum, that her claim for compensation had been filed with the proper authorities and that there was nothing further for her to do in connection with her claim; that Mrs. Warren believed the statements made by Mrs. Balsum; that she relied upon such statements and continued to so rely up until her claim was filed in September, 1967; that Mrs. Warren's reliance upon the statements of Mrs. Balsum constituted "good cause" for not filing her claim for compensation sooner than it was actually filed. Judgment was entered for the appellee and from such judgment, this appeal has resulted.

Appellant first contends that there is no evidence to support the jury's finding that "good cause" existed for the failure of appellee to file her claim with the Industrial Accident Board until September 12, 1967. We agree with this contention, and, therefore, it becomes unnecessary to decide the other points of error brought forward by appellant.

The evidence shows that the appellee was injured on October 13, 1965, while working as an employee for one or all of the above named companies. Appellee did not file her claim with the Industrial Accident Board until September 12, 1967, which was some 23 months after the date of injury. Immediately after the accident occurred, Mrs. Warren was taken to the hospital where she remained for two or three weeks. Upon being discharged from the hospital, she went to her home where she remained for two or three weeks before returning to work for the same employer.

Mrs. Warren testified on direct examination that the first day she returned to work, which was five or six weeks after her injury, her employer, Mrs. Balsum, told her that a compensation claim had been filed; that she believed Mrs. Balsum's statement; and that she relied upon the statement until she finally contacted her lawyer in September, 1967, when she first learned that no claim had been filed.

The conversation with Mrs. Balsum was at least partially confirmed by Mrs. Balsum herself, who testified that she "probably did" tell Mrs. Warren that her injury had been reported to a representative of the defendant-appellant insurance company, who was expected to do what was necessary to take care of the claim.

On cross-examination of Mrs. Warren, it developed that on the day she returned to work, she went to Mrs. Balsum's office and endorsed over to her the workmen's compensation checks she had received, because she had been paid her full salary while she was off from work. She testified that, when she signed or endorsed those checks, *she thought her claim was through and that she would get no more benefits from the insurance company.*

After returning to her job, appellee worked for some 18 months on the same job doing the same kind of work that she

had done before the accident. Mrs. Warren took her vacation over the July 4th week-end and the following week-end in 1967. After returning from her vacation around the middle of July, 1967, she informed Mrs. Teasdale, the company's bookkeeper, that she was quitting, and walked off her job without giving any reason therefor.

Appellee applied for unemployment compensation benefits on July 31, 1967, August 7, 1967, August 14, 1967, August 21, 1967, August 28, 1967, September 4, 1967, September 11, 1967, September 22, 1967, and October 2, 1967. On September 9, 1967, appellee signed her claim for workmen's compensation benefits in her attorney's office. The record shows that her claim was received and filed with the Industrial Accident Board on September 12, 1967. This lawsuit was instituted on December 14, 1967.

Appellee does not claim that she did not know of the serious nature or extent of her injury and for that reason, she failed to "timely" file her claim. Mrs. Warren's sole excuse for not filing her claim sooner than she did was that she relied on the statement of her employer, Mrs. Balsum, made some time in November, 1965, that her claim was filed with the insurance company. This statement of Mrs. Balsum was made some 22 months prior to the filing of her claim.

■ It is undisputed that appellee in this case did not file her claim for compensation until some 23 months after the date of injury. It is well settled in this state that unless a workmen's compensation claimant has "good cause" for a delay in filing his claim, compensation is barred if the filing of the claim is not made within six months of the date of injury. Article 8307, Sec. 4a, Vernon's Ann.Tex.Civ.St. It is also well settled that a claimant relying upon "good cause" for failure to file his claim within the statutory period is charged with the duty of prosecuting his claim to that degree of diligence which a reasonably prudent person would exercise under the same or similar circumstances. Texas Employers'

Insurance Association v. Brantley, 402 S.W. 2d 140 (Tex.Sup., 1966).

■ It is likewise well settled as to the filing of a claim for compensation that the claimant is under a duty of continuing diligence, and, if a claim is not filed within the six-month period after the accident, the claimant must prove that "good cause" existed until the day the claim was actually filed. It is not enough to show that "good cause" may have existed at some time during the period before the claim was filed. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup., 1965); Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053 (1939); Hartford Accident & Indemnity Co. v. Hardin, 252 S.W.2d 752 (Tex.Civ.App., Fort Worth, 1952, writ. ref.). Therefore, under the well established law of this state, Mrs. Warren was charged with the duty of prosecuting her claim with that degree of diligence which a reasonably prudent person would have exercised under the same or similar circumstances. In view of the above test, the issue presented under the contention here under discussion is simply this: Would an ordinarily prudent person have relied some 22 months upon the statement of Mrs. Balsum as the sole excuse for not filing a compensation claim without making any inquiry or taking any action during this entire period to see if Mrs. Balsum had, in fact, filed a claim for her? We believe not.

■ Appellee's-plaintiff's conversation with her employer, Mrs. Balsum took place within five or six weeks after the date of injury and as above stated, on cross-examination appellee testified that at the time of the conversation with her employer when she endorsed the compensation checks over to the company she knew at that time she *was through* receiving benefits from the insurance company and believed that that was all the money she would *ever receive*. This testimony clearly shows that she understood she would receive no further workmen's compensation payments. It is our opinion that an ordinarily prudent

person in the exercise of due diligence would, after knowing that she was not going to receive any further workmen's compensation benefits, at some time within a 22-month period (1) make inquiry of her employer as to why she was not to receive further payments; (2) make inquiry of someone as to what was necessary to receive further workmen's compensation benefits; (3) file a claim for workmen's compensation benefits, or at the very least, check to see if a claim for workmen's compensation benefits had in fact been filed in her behalf.

■ The question of whether or not a claimant used the degree of diligence required is ordinarily one of fact; however, "good cause" becomes a question of law when the evidence in a particular case construed most favorably to the claimant, admits of no other reasonable conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948); Texas Casualty Insurance Company v. Beasley, supra.

■ The representation of an employer can excuse an employee's failure to file a claim, but it seems to us that even if an employer affirmatively represents to an employee that a claim has been filed for her, an ordinarily prudent person, as a matter of law, would not rely solely upon such representation for 22 months thereafter, and would at least make some inquiry during that period of time to see if the claim had in fact been filed. Allstate Insurance Company v. King, 444 S.W.2d 602 (Tex. Sup., 1969). This is particularly true when taking into consideration that the claimant is presumed to know that a claim must be filed within six months after the accident, Consolidated Casualty Insurance Company v. Perkins, 154 Tex. 424, 279 S.W.2d 299, 302 (1955), and further that claimant in conversation with her employer in November, 1965, understood that she (appellee) would not receive any more compensation benefits from any injury she may have received as a result of the accident in question. Even though an affirmative representation such as made by Mrs. Balsum to Mrs.

Warren would support a claim of "good cause" for some period of time, as a matter of law, it would not constitute "good cause" throughout an entire 22-month period during which the claimant does not inquire of her superior about the claim and does absolutely nothing to ascertain if a claim in fact has been filed in her behalf. Texas Casualty Insurance Company v. Beasley, supra; Texas Employers' Insurance Association v. Brantley, supra. Since appellee, Mrs. Warren, did return to work for the same employer, Mrs. Balsum, five or six weeks after the accident of October 13, 1965, and remained in her employment until mid-July, 1967, at least during this period of some twenty months Mrs. Balsum was accessible to Mrs. Warren for inquiry about the claim and Mrs. Warren could have ascertained if, in fact, she (Mrs. Balsum) had filed the claim for her. However, the record does not show that she ever made such inquiry of Mrs. Balsum or, as a matter of fact, anyone else.

The record in this case is completely void of any evidence that appellee did anything after her conversation with Mrs. Balsum of November, 1965, when she was told that her claim had been filed, until September 9, 1967, when she first consulted her attorney and filed her claim for workmen's compensation benefits, some 23 months after the accident and some 22 months after the conversation with Mrs. Balsum.

There is evidence to support the jury's finding that appellee believed her employer had filed a claim for her injury some time between October 13, 1965, the date of her injury, and November, 1965, when her employer told her the claim had been filed. Under the facts as shown in the record before us, however, this could not constitute "good cause" for the delay of some 23 months in filing her claim.

It is our opinion there is no evidence to support the jury's finding that plaintiff-appellee had "good cause" for failing to file her claim until some 23 months after

she was injured and some 22 months after she understood that she would not receive any more compensation benefits. Texas Indemnity Ins. Co. v. Cook, 87 S.W.2d 830 (Tex.Civ.App., Austin, 1935, writ ref.); Consolidated Casualty Insurance Company v. Perkins, supra; Allstate Insurance Company v. King, supra.

We hold that the evidence in this case requires a conclusion, as a matter of law, that the claimant did not exercise the degree of diligence in the filing of her claim which a reasonably prudent person would have exercised under the same or similar circumstances. Therefore, no "good cause" existed to justify the appellee in delaying the filing of her claim until September 12, 1967.

■ Appellee by way of a cross-assignment asserts that the trial court erred in excluding from the evidence certain testimony of Mrs. Balsum. Appellee contends that the excluded testimony of Mrs. Balsum was admissible and had a direct bearing on the issue of good cause. The testimony excluded in part concerns whether or not Mrs. Balsum, the employer, believed the claim had been filed. The test is whether or not the appellee, Mrs. Warren, believed and relied on her employer's statement that the claim had been filed. The excluded testimony also concerns whether or not Mrs. Balsum thought the insurance company was taking care of appellee's claim and that it

was not necessary for the appellee to do anything further. The excluded evidence further consists of what Mrs. Balsum thought was or was not necessary for Mrs. Warren to do. We think it is immaterial and irrelevant on the question of "good cause" what Mrs. Balsum may or may not have thought.

Appellee complains of eight separate instances where Mrs. Balsum's testimony was excluded by the trial court. In each instance the question or answer was predicated on what Mrs. Balsum guessed, expected, thought, or what appellee might have known.

We do not think the trial court erred in excluding the complained of testimony. However, if it was error, it was harmless. Rule 434, Texas Rules of Civil Procedure.

We have not discussed appellant's points relating to the insufficiency of the evidence to support the jury's findings in answer to Special Issues Nos. 22 and 23[1] and the court's judgment based thereon, but upon an examination of the entire record, if these points should be reached we would hold that the evidence is insufficient to support such findings and judgment.

The trial court's judgment is reversed and rendered for appellant.

Reversed and rendered.

1. "SPECIAL ISSUE NO. 22: Do you find from a preponderance of the evidence that Mrs. Warren continued her reliance, if any, upon such statements until she filed her claim through her attorney on September 9, 1967?
"Answer 'Yes' or 'No'
"ANSWER: Yes

"SPECIAL ISSUE NO. 23: Do you find from a preponderance of the evidence that Mrs. Warren's reliance, if any, upon Mrs. Balsum's statements constitutes good cause (as that term is defined below) for not filing her claim for compensation sooner than it was actually filed?
"Answer 'Yes' or 'No'
"ANSWER: Yes