**Sylvia VILLARREAL, Appellant,**

v.

**AETNA INSURANCE COMPANY,**
**Appellee.**

**No. 14944.**

Court of Civil Appeals of Texas,
San Antonio.

March 31, 1971.

Garcia, Hernandez & Campos, San Antonio, for appellant.

Gardner S. Kendrick, Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order sustaining defendant's motion for summary judgment in a workmen's compensation case, because of the late filing of plaintiff's claim for compensation.

Plaintiff's only point of error on this appeal is that the court erred in granting defendant's motion for summary judgment. This point is too general to require consideration by a reviewing court. Rule 418, Texas Rules of Civil Procedure; Hardy v. Johnson, 434 S.W.2d 932 (Tex.Civ. App.—Fort Worth 1968, no writ); Ballard v. Associates Investment Co., 368 S.W.2d 232 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); White v. Great American Reserve Insurance Co., 342 S.W.2d 793 (Tex.Civ.App.—Dallas 1961, no writ). However, we will discuss the grounds as we understand them upon which appellant apparently relies to support her appeal, as disclosed in the statements and arguments accompanying her point on appeal. Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478 (1943); Jones v. Hunt Oil Co., 456 S.W.2d 506 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex.Civ.App. —Dallas 1964, no writ); Wyche v. Noah, 288 S.W.2d 866 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.).

Plaintiff suffered a back injury on October 9, 1968, while in the course of her employment with Bar-Kel, Inc. She filed a claim for compensation benefits with the Texas Industrial Accident Board on June 3, 1969, approximately seven months and twenty-five days after the date of her injury. Under the provisions of Section 4a. of Article 8307, Vernon's Annotated Civil Statutes, her right to compensation benefits is barred because of her failure to file her claim within six months from the date of her injury, unless she had good cause for her delay. The only question to be decided here is whether the summary judgment evidence shows as a matter of law that no good cause existed.

Plaintiff is charged with the duty of prosecuting her claim with that degree of diligence which a reasonably prudent person would have exercised under the same or similar circumstances. Texas Casualty Insurance Company v. Beasley, 381 S.W.2d 236 [Tex.Civ.App.—Austin 1964, 391 S.W.2d 33, cert. den. 382 U.S. 994, 86 S.Ct. 576, 15 L.Ed.2d 480 (1966)]; Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948); Hartford Accident & Indemnity Co. v. Hardin, 252 S. W.2d 752 (Tex.Civ.App.—Fort Worth 1952, writ ref'd). Although the question of whether the claimant used the degree of diligence required is ordinarily one of fact, the evidence in a particular case may point to a lack of diligence on the part of the claimant as the only reasonable conclusion, and then this becomes a question to be decided as a matter of law. Texas Casualty

Ins. Co. v. Beasley, supra; Texas Employers' Ins. Ass'n v. Brantley, 402 S.W.2d 140 (Tex.1966); Hawkins v. Safety Casualty Co., supra.

Defendant's motion for summary judgment is based on the pleadings, the deposition of plaintiff, and a certified copy of the Industrial Accident Board's file in connection with plaintiff's claim. Plaintiff did not plead that good cause exists in her pleadings, and nowhere in plaintiff's pleadings are the grounds or facts set forth upon which plaintiff relies as constituting good cause. Nor does plaintiff assert any grounds for late filing in any of the papers on file with the Industrial Accident Board. See Johnson v. Employers Liability Assur. Corp., 131 Tex. 357, 112 S.W.2d 449 (1938, opinion adopted); Ocean Accident & Guarantee Corp. v. Pruitt, 58 S.W.2d 41, 46 (Tex.Comm'n App.1933). If such good cause exists, it must be determined from plaintiff's deposition.

It appears from plaintiff's deposition that she is twenty-five years old and is presently employed as a teacher's aide in the Harlandale Independent School District, and is also a part time student at St. Philip's College. During the year 1968, she was employed at Bar-Kel, Inc. working with sofas, and on the morning of October 9, 1968, while attempting to lift a sofa frame, she suffered an injury to her back. She was taken to a doctor that day where she was given an examination. She stated that the doctor told her that she had a sprained muscle. He gave her a prescription for some medicine and told her to stay at home and rest. This was on a Wednesday. She went to work the following week and continued to work at Bar-Kel, Inc. without losing any time at work, until June of 1969, when she voluntarily quit. She testified that after she returned to work her duties were the same, except in regard to picking up heavy articles; that when she went back to work her back still hurt her, and that it has always bothered her

from then on; that at times the pain was real bad; that she had difficulty sleeping on a bed; and that she could not pick up anything that is heavy. When asked whether there was any change in the condition of her back between October of 1968 and June of 1969, she said, "No, it bothered me from then on."[1] When asked why if she was injured on October 9, 1968, she waited until June 3, 1969, to file a notice of injury, she stated, " * * * because I thought it would stop bothering me, and I thought the insurance company would notify me like the other insurance did." The insurance referred to does not pertain to the injury here involved, but refers to an injury plaintiff had previously suffered to one of her fingers, which was covered by workmen's compensation, and in which another attorney represented her. A law suit was filed and compensation paid to her after a settlement of such case. She further testified that on June 3, 1969, the injury got real bad. However, she also testified that she turned her claim over to her attorney in April of 1969. The six-month period within which plaintiff was required to file her claim expired on April 9, 1969.

■ Despite this, no claim was filed with the Industrial Accident Board until June 3, 1969, almost two months later. No reason was given for the delay in filing, and there is no explanation whatsoever in the record why such claim was not filed until such time. An attorney employed to prosecute a claim for workmen's compensation is an agent of his client, and his action or nonaction within the scope of his employment is attributable to his client. Texas Employers' Ins. Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90 (1961); Nunnery v. Texas Casualty Ins. Co., 362 S.W.2d 865 (Tex.Civ.App.—Austin 1962, no writ); 63 Tex.Jur.2d, Workmen's Compensation, Section 311.

It is well settled by the decisions of this State that if a claim for compensation is

---

1. Plaintiff alleged total and permanent incapacity from October 9, 1968.

**800**

not filed with the Industrial Accident Board within six months after the injury is received, the claimant must then allege and prove good cause excusing the delay until the claim is filed. Johnson v. Employers Liability Assur. Corp., supra; Ocean Accident & Guarantee Corp. v. Pruitt, supra; Holloway v. Texas Indemnity Ins. Co., 40 S.W.2d 75 (Tex.Comm'n App.1931); Maryland Casualty Co. v. Perkins, 153 S.W.2d 647 (Tex.Civ.App.—Eastland 1941, writ ref'd w. o. m.); Fox v. Texas Employers' Ins. Ass'n, 94 S.W.2d 569, 570 (Tex.Civ.App.—Eastland 1936, no writ). "It is not enough to satisfy the statutory requirement to prove that good cause for failure to file existed during the six-month period; an injured workman owes a duty of continuing diligence in the prosecution of his claim, and must prove that good cause for failure to file continued up to the date of filing. Texas Employers Insurance Ass'n v. Hancox, 162 Tex. 565, 349 S.W.2d 102; Consolidated Casualty Insurance Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299; Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088." Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33, 34, supra. See also Travelers Ins. Co. v. Warren, 447 S.W.2d 698 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.); Dishongh v. Texas Employers' Ins. Ass'n, 438 S.W.2d 678 (Tex.Civ.App.—Eastland 1968, no writ); Texas General Indemnity Co. v. McIlvain, 424 S.W.2d 56 [Tex.Civ.App.—Houston (14th) 1968, writ ref'd]; Nunnery v. Texas Casualty Ins. Co., supra.

The record shows as a matter of law that no good cause existed for the failure to file such claim until June 3, 1969, and as a matter of law, plaintiff did not exercise the degree of diligence in the filing of her claim which a reasonably prudent person would have exercised under the same or similar circumstances.

The judgment of the trial court is affirmed.