**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Martha L. WILSON, Appellee.**

**No. 8131.**

Court of Civil Appeals of Texas, Texarkana.

April 24, 1973.

Rehearing Denied May 22, 1973.

Norman C. Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

---

[1]. For a further analysis of this question see Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ. App.1951, no writ).

Connor W. Patman, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a Workmen's Compensation Law case.* The trial court judgment awarded compensation benefits on the basis of a jury finding of total and permanent disability. The judgment of the trial court is affirmed.

Injury to the employee in this case occurred December 5, 1967. Claim for disability compensation was not filed with the Industrial Accident Board until July 28, 1969. The interval between injury and claim for compensation was approximately twenty months. A claim for compensation is required by Vernon's Tex.Rev.Civ.Stats. Anno. art. 8307, Sec. 4a, to be filed within six months after occurrence of injury; but in meritorious cases good cause will excuse delay in filing the claim. See Petroleum Casualty Co. v. Garrison, 174 S.W.2d 74 (Tex.Civ.App.Beaumont 1943, writ ref'd w. o. m.).

Mrs. Martha L. Wilson, plaintiff in the trial court and appellee in this court, undertook in the trial to excuse delay on the ground that she was misinformed as to the cause of her physical condition by her employer and the physicians she consulted while following her employer's established claim procedure, as well as by an independent treating physician. The jury found good cause for delay. In this appeal the appellant attacks the jury's finding of good cause on the grounds that no evidence supports such verdict, that the evidence is insufficient to support it, and that the verdict is contrary to the great weight and preponderance of the evidence and is the result of prejudice of the jury against the insurance company.

There is evidence that the employer and the insurance carrier advised her by letter that her condition was not job-connected, and that two employer related, or recommended, physicians and at least one not so connected, were unanimous in an opinion of like effect until the independent physician had a change of mind and advised her the injury of December 5, 1967, was the cause of her incapacity. On receiving this last advice, Mrs. Wilson immediately filed claim with the Industrial Accident Board. As a witness, Mrs. Wilson testified to facts tending to show she had an accident that arose in course of her employment, that it produced pain, required hospitalization and medical treatment, and that disability followed the injury, causing loss of time and a reclassification of her employment capability. Notwithstanding this knowledge, she testified the conclusions expressed to her by her employer and medical treatment and opinions of the physicians induced her to claim benefits under a general health and accident policy, rather than under the Workmen's Compensation Law. The employer insurance carrier letter suggested the course she followed. She exhausted the health and accident policy payment obligation before she was advised by the independent physician, a neurologist, that her disability was job-connected and produced by her injury on December 5, 1967.

■ Good cause for delayed filing exists under the terms of the cited statute if an ordinarily prudent person under the same or similar circumstances as those shown in this case would have delayed filing a claim as Mrs. Wilson did. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948); Moronko v. Consolidated Mutual Insurance Company, 435 S.W.2d 846 (Tex. Sup.1968); Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.Sup.1966); Texas General Indemnity Co. v. McIlvain, 424 S.W.2d 56 (Tex.Civ. App.Houston 14th, 1968, writ ref'd).

■ The proof is overwhelming, and the fact is conceded, that Mrs. Wilson had knowledge of her injury at all pertinent times, along with the realization that her

* Originally assigned to Associate Justice Matt Davis, but reassigned upon his untimely death.

physicial condition and incapacity followed immediately in the injury's train, and that she believed the injury caused it. But there is no like evidence or concession that she knew that in medical probability her incapacity was produced by her injury, or that she was not diligent in trying to ascertain the consequence of her injury or lacked diligence in making a claim once she had medical support for belief. An instinctive and uninformed belief is not the equivalent of knowledge of a fact. It would be unrealistic to construe the Workmen's Compensation Law as requiring an injured employee to completely discard and disregard the assertions of experienced claims people and the medical opinions of the best qualified medical professionals available, and contrary to such advice act upon an instinctive and uninformed belief about the cause producing incapacity.

The knowledge that Mrs. Wilson is shown to have had is not conclusive on the question of good cause; it is evidence to be considered with other evidence upon the subject. The evidence as a whole makes good cause a fact question. The proof is ample to support the jury's verdict. See Dean v. Safety Casualty Co., 190 S.W.2d 750 (Tex.Civ.App.Fort Worth 1945, writ ref'd, w. o. m.); Zurich General Accident & Liability Ins. Co. Ltd., v. Lee, 135 S.W.2d 505 (Tex.Civ.App.Beaumont 1939); Martin v. Travelers Ins. Co., 196 S.W.2d 544 (Tex. Civ.App. Galveston 1946, no writ); Allstate Insurance Company v. Maines, 468 S.W.2d 496 (Tex.Civ.App.Houston 14th 1971, no writ). The facts of this case respecting diligence and good cause distinguish it from those cases cited by the appellant upon such subjects, viz: Texas Employer's Insurance Ass'n. v. Doss, 301 S.W.2d 473 (Tex.Civ. App.Austin 1957, writ ref'd, n. r. e.); Travelers Insurance Company v. Warren, 447 S.W.2d 698 (Tex.Civ.App.Tyler 1969, writ ref'd, n. r. e.); Texas Employers Insurance Ass'n. v. Hancox, 162 Tex. 565, 349 S.W.2d 102 (1961); Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053 (Tex. Comm'n.App.1939).

Other contentions and questions, including that of jury prejudice raised by appellant's points of error have been considered. Reversible error is nowhere demonstrated or found. Accordingly, the judgment of the trial court is affirmed.