Lee Roy **HUBBARD**, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION**, Appellee.

No. 8190.

Court of Civil Appeals of Texas, Texarkana.

Oct. 9, 1973.

Rehearing Denied Feb. 26, 1974 and March 12, 1974.

Harold W. Nix, Daingerfield, for appellant.

James H. Holmes, III, Buford, Ryburn & Ford, Dallas, for appellee.

RAY, Justice.

This is a workmen's compensation case in which the trial court granted a summary judgment for the appellee Texas Employers Insurance Association. Appellant (plaintiff) Lee Roy Hubbard brought suit against Texas Employers Insurance Association alleging that he was injured on the job at Lone Star Steel Company on May 12, 1970. Appellee insurance company contended that appellant did not file his claim for workmen's compensation with the Texas Industrial Accident Board until August 30, 1971, a period of approximately fifteen months after appellant was injured. Appellee filed its motion for summary judgment on the ground that the pleadings, deposition of appellant, admissions on file and the affidavit of appellant showed that no genuine issue as to any material fact existed; that appellee was entitled to judgment as a matter of law for the reason that appellant failed to file his claim for compensation within six (6) months from the date of the alleged injury; and that appellant did not have continuing good cause for such failure to timely file his claim as required by Article 8307, Sec. 4a, Vernon's Ann.Tex.Rev.Civ.Stats. The trial court sustained appellee's motion for summary judgment and appellant Hubbard has perfected his appeal. Appellant states that the trial court erred in granting the motion for summary judgment because a material question of fact existed as to whether appellant had good cause for the late filing of his claim for compensation. We agree with the appellant.

The facts in the present case are parallel to those in Liberty Mutual Insurance Company v. Wilson, 495 S.W.2d 579 (Tex.Civ. App. Texarkana, 1973, writ ref'd, n. r. e.), in which this court held that good cause for delayed filing of a claim for workmen's compensation exists if an ordinarily prudent person under the same or similar circumstances would have delayed filing his claim. In the *Wilson* case the employee was advised by three physicians that her injury was not job connected. When one of the physicians later changed his mind and advised the employee that the job connected accident was the cause of her incapacity, the employee was held to have had good cause for the delayed filing of her claim under the Workmen's Compensation statutes.

In the present case, appellant Hubbard states in his controverting affidavit in answer to appellee's motion for summary judgment, that Dr. F. R. Jackson, Jr., told him "that he [Dr. F. R. Jackson, Jr.,] could not relate my condition to any injury that I may have received at Lone Star Steel Company. I continued to try to work and each time my back would continue to bother me. However, I was not advised by any doctor that my injury and conditions that I was suffering from was related to my injuries, except up and until just before I filed my claim for compensation with the Industrial Accident Board of the State of Texas." From our examination of the record in this case, we have concluded that appellee has failed to establish as a matter of law that no genuine issue of fact exists as to the essential elements of appellant's cause of action.

Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). A fact question exists as to whether or not appellant believed that his injuries were job related. Appellant contends in his affidavit that his doctor told him that his injuries were not job related and that approximately fifteen months later a different physician stated that his injuries were in fact job related. Appellant further contends that as soon as he learned that his injuries were job related, he then filed his claim for workmen's compensation, even though approximately fifteen months had elapsed since the date of his injury. To the contrary, appellee contends that appellants' original physician told appellant that his back sprain was job related, but that he couldn't be sure that the narrowing of the intervertebral space was a job connected injury. Appellee states that the original doctor advised appellant of the job related back sprain injury in time for appellant to have filed his claim within six months from the date of the injury. Appellee states alternatively that appellant did not learn from any physician that he had a job related injury until after he had filled out and filed his claim form with the Industrial Accident Board, and that therefore good cause did not exist for the late filing. These are all evidentiary matters to be considered by the trier of facts in order to determine whether good cause existed for the late filing by appellant.

Since material fact issues exist as to whether or not appellant had good cause for his delay in filing a claim for compensation with the Industrial Accident Board, the judgment of the trial court must be reversed and the cause remanded for resolution of the facts.

Reversed and remanded.

## ON MOTION FOR REHEARING

 We have carefully examined Appellee's Motion for Rehearing and find it without merit. Appellee contends that appellant knew that his back sprain was job related and that this alone would entitle appellee to a summary judgment. We differ. The evidence is that appellant thought his back sprain was trivial and when he learned from a doctor that the narrowing of the intervertebral space was a job connected injury, he no longer thought his injury to be trivial and immediately filed his claim. A fact issue exists as to whether appellant had good cause for delay in filing his workmen's compensation claim. See 2 Tex. Pattern Jury Charges 103, Sec. 24.02, *Good Cause for Delay in Filing Claim*, and the related comments.

Appellee's motion for rehearing is respectfully overruled.