**Fern B. DILLARD, Appellant,**

v.

**AETNA INSURANCE COMPANY, Appellee.**

No. 12199.

Court of Civil Appeals of Texas, Austin.

Jan. 15, 1975.

Rehearing Denied Feb. 5, 1975.

Terry Scarborough, Gibbins & Spivey, Austin, for appellant.

Herbert S. Harris, III, Flahive & Ogden, Austin, for appellee.

SHANNON, Justice.

This is a workmen's compensation case involving the matter of good cause for failing to timely file a claim for benefits. Burnet County Hospital Authority was the employer; appellant, Fern B. Dillard, was the employee; and, appellee, Aetna Insurance Company was the insurance carrier. The district court of Burnet County entered a summary judgment in favor of the insurance carrier. We will affirm that judgment.

Mrs. Dillard sustained an injury to her back on August 5, 1971, while in the course

of her employment. She filed her claim for benefits with the Industrial Accident Board on November 28, 1972, over fifteen months from the date of her injury. By reason of the provisions of Vernon's Tex. Rev.Civ.Stat.Ann. Art. 8307, § 4a, her right to compensation benefits was barred because of her failure to file her claim within six months from the date of her injury unless she had good cause for her delay. The only question to be decided on appeal is whether the summary judgment proof shows as a matter of law that she did not have good cause.

The summary judgment proof consisted of Mrs. Dillard's affidavit in opposition to appellee's motion for summary judgment and her oral deposition. That proof shows that on August 5, 1971, Mrs. Dillard, a bookkeeper for the Burnet County Hospital Authority, fell in a hall at the hospital, injuring her back. After missing one or two days, she returned to work with minimal discomfort and continued in her employment until May of 1972. At that time the pain in her back had become severe. Up until May of 1972, she stated in effect that she did not believe that her injury was serious. She then consulted a local physician who informed her that she had suffered a herniated disc in her fall of August 5, 1971. On June 13, 1972, she resigned from her position with the Burnet County Hospital Authority.

After the time of the termination of her employment with the Hospital Authority, Mrs. Dillard telephoned the Industrial Accident Board in Austin and spoke with one of the clerks respecting the time for filing her claim for compensation. The clerk told her that she had six months to file her claim from the date that the Hospital Authority filed (employer's first notice of injury), and that the Hospital Authority had not filed the notice of injury as of that date. Mrs. Dillard relied upon the information obtained from the Industrial Accident Board. In July and August of 1972, Mrs. Dillard again called the Industrial Accident Board by telephone requesting the appropriate claim forms. In August or

September of that year she obtained those forms and she filed her claim for compensation on November 28, 1972. Early in 1973, she realized for the first time that the information obtained from the clerk at the Industrial Accident Board was not correct.

■ It is not enough to prove that good cause for failure to file the claim existed during the six-month period; an injured workman owes a duty of continuing diligence in the prosecution of his claim, and must prove that good cause for failure to file his claim continued up to the date of filing. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.1965), Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.1966).

Mrs. Dillard's reasons for delaying the filing of her claim are found in the summary judgment proof. Until May of 1972, when she was hospitalized, she did not believe that her injury was serious. Before she was hospitalized, she said that she thought her condition resulted from being "bruised all over," and that her age was a factor in her slow recovery. After she realized the seriousness of her injury, she still did not file a claim for compensation for the reason that she feared that she would be fired. Her fears were founded upon statements made by the administrator of the Hospital Authority to the effect that if anyone "crossed" him, including the filing of a workmen's compensation claim, they would be dismissed. After she left her employment at the Hospital Authority, her reason for delaying in the filing of her claim for benefits was the erroneous information concerning the time for filing that she obtained by telephone from the clerk at the Industrial Accident Board.

For purposes of this appeal, we will assume, without deciding, that issues of fact were raised supporting good cause for failure to file a claim until Mrs. Dillard left her employment in June of 1972. The question then narrows to the existence of good cause *vel non* for the failure to file her claim from June 13, 1972, until the

claim was filed on November 28, 1972. Texas Casualty Insurance Co. v. Beasley, *supra*.

We are of the opinion that, as a matter of law, Mrs. Dillard failed to show that good cause for failure to file her claim continued up to the date of its filing. One seeking compensation benefits is presumed to know the law. Allstate Insurance Co. v. King, 444 S.W.2d 602 (Tex. 1969); Consolidated Casualty Insurance Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299 (1955); Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053 (1939). Ignorance of the six-month's filing requirement is not good cause for failure to comply therewith. Allstate Insurance Co. v. King, *supra*. Bad legal advice given by a workman's attorney concerning the time in which the claim for compensation must be filed does not constitute good cause. Petroleum Casualty Co. v. Dean, *supra*. Likewise, bad legal advice from a non-attorney, even though a clerk at the Industrial Accident Board, is not good cause.

The judgment is affirmed.