**I.N.A. OF TEXAS, Appellant,**

v.

**William S. LACKEY, Appellee.**

**No. 09 83 245 CV.**

Court of Appeals of Texas, Beaumont.

March 28, 1985.

Rehearing Denied April 18, 1985.

Hollis Horton, Orgain, Bell & Tucker, Beaumont, for appellant.

Greg Thompson, Walter Umphrey, Provost, Umphrey, Doyle & McPherson, Port Arthur, for appellee.

OPINION

BROOKSHIRE, Justice.

Workers' compensation case. Appellee sought and recovered benefits for a hernia under the workers' compensation statute, *TEX.REV.CIV.STAT.ANN. art. 8306, sec. 12b* (Vernon 1967). The jury found Lackey sustained an injury that resulted in a hernia; the hernia appeared suddenly and immediately; it did not exist before; and the hernia was accompanied by pain.

Appellant argues and advances that there is no evidence that Appellee sustained a hernia as defined by the Act or, alternatively, that the evidence is insufficient to show that Appellee suffered a compensable hernia. Appellant's Motion for Directed Verdict was made on the basis that Appellee failed to show that there was a protrusion, bulging or swelling suddenly and immediately following the injury of February 3, 1982. Appellant's attack is focused on the second element of *art. 8306, sec. 12b:* "That the hernia appeared suddenly and immediately following the injury."

Appellee testified that he felt pain, a tearing pain, on February 3, 1982, and that he felt a protrusion on that same date. He swore that it felt like "something was

bumping against the side of my stomach, above my belt line and protruding out." On February 8, 1982, while working on a valve on the bottom of a tank car, he again felt great pain in his stomach. On this occasion he testified that he put his fist in the middle of his stomach and wrapped his arms around and grabbed his stomach with all the strength he had and pushed. He said he was "so relieved when this thing jumped back in." On cross-examination he was again asked if he actually felt, on February 8, 1982, that something was sticking out. Lackey again testified that he put his hand over his stomach because it was "hurting so bad" that when he pushed it back in, he had to stand still for awhile to get strength enough to walk up the stairs and report what had happened to him.

There is other evidence of probative force on this point in the record. We find probative evidence of a protrusion on February 3, 1982. We also find ample probative evidence of a protrusion on February 8, 1982. We find, under this record, that this hernia appeared suddenly and immediately within the meaning of the statute. *See Texas Employers' Insurance Association v. Brantley*, 394 S.W.2d 824 (Tex.Civ. App.—El Paso 1965, rev'd on other grounds, 402 S.W.2d 140); *Great American Indemnity Company v. Gravell*, 297 S.W.2d 371 (Tex.Civ.App.—San Antonio 1956, no writ).

■ The hernia sustained by Appellee was umbilical. We hold that, under the medical testimony in this case, a protrusion five days later would satisfy the statutory requirement of occurring "suddenly and immediately". The medical testimony is clearly to the effect that Mr. Lackey suffered a medical umbilical hernia on February 3, 1982. Also we squarely hold that the showing of a protrusion is *not a requirement in cases of umbilical hernias.*

There are other interesting and, indeed, entertaining issues or questions raised by the arguments in the briefs. We have determined that they are not correctly dispositive of this appeal. It would be dicta to write upon them.

We affirm the judgment of the trial court.

AFFIRMED.