**TEXAS EMPLOYERS' INS. ASS'N**
**v. CRAIN.**

No. 15437.

Court of Civil Appeals of Texas.
Fort Worth.

June 12, 1953.

Rehearing Denied July 10, 1953.

906

Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellant.

Peery, Kouri & Wilson, of Wichita Falls, for appellee.

BOYD, Justice.

This is an appeal by Texas Employers' Insurance Association from a judgment of the District Court of Wichita County, based upon a jury verdict in a workmen's compensation case, granting appellee Archie Crain compensation for total and permanent incapacity, redeemable in a lump sum.

Appellant's first point is that the court erred in overruling its motion for judgment non obstante veredicto, contending that, as a matter of law, appellee did not show good cause for his failure to file a claim for compensation with the Industrial Accident Board within six months from the date of the injury, as required by Art. 8307, sec. 4a, Texas Civil Statutes.

Appellee was injured on July 27, 1951, was placed under the care of appellant's physician, paid five weeks' compensation, and, on September 8, 1951, on the advice of the physician and appellant's district claims manager, he resumed work for his former employer, performing lighter duties but receiving substantially the same wages as before the injury. He continued in that employment until on or about April 10, 1952, when his condition became so serious that his foreman sent him back to the phy-

sician. Compensation payments were resumed. Appellee underwent surgery, but was not thereafter able to work. Claim was forwarded on June 4, 1952, and received by the Board on June 6, and compensation was paid weekly until July 3.

Appellee alleged and the jury found that after he was paid the first five weeks' compensation, and prior to the time he resumed work, appellant's district claims manager, who had authority to make compensation payments, told him that if they owed him any more money they would pay him, and that appellee relied on such promise, and the promise and his reliance thereon constituted good cause; that the acts and conduct of appellant in paying compensation led appellee to believe that appellant would take care of all necessary matters with reference to his claim for compensation, and constituted good cause; and that appellee believed that so long as he was on the payroll of his employer he was not entitled to draw compensation, and that such belief and the fact that appellant resumed compensation payments constituted good cause.

■ Good cause for failure to file a claim with the Board is ordinarily a question of fact. Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Aetna Casualty & Surety Co. v. Rhine, 5 Cir., 152 F.2d 368. Since the statute does not define the good cause that will excuse the failure to file the claim within six months, each case involving the issue of good cause must turn on its own facts. The test is that of ordinary prudence. American General Ins. Co. v. American, Tex.Civ. App., 187 S.W.2d 912, refused, w. m.; Lacour v. Continental Casualty Co., Tex.Civ. App., 163 S.W.2d 676, refused, w. m.; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989; Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused. The issue may be determined against a claimant as a matter of law only when the evidence admits of no other reasonable conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370; Lacour v. Continental Casualty Co., supra; Texas Indemnity Ins. Co. v. Cook, supra; Pacific Employers Ins. Co. v. Gage, Tex.Civ.App., 199 S.W.2d 537, refused, n. r.

e. "* * * if there is any evidence in the record to sustain the findings made by the jury or the trial court, the Court of Civil Appeals is not justified in substituting its findings of fact for the findings made by the trial court and the jury, and render final judgment thereon. First State Bank v. Metropolitan Casualty Ins. Co. [125 Tex. 113], 79 S.W.2d 835, 98 A.L.R. 1256, and cases cited." Williamson v. Texas Indemnity Ins. Co., supra [127 Tex. 71, 90 S.W.2d 1089]. Although the burden is on the claimant to allege and prove the existence of good cause up to the time of the filing of his claim, and not merely during the first six months, courts are liberal with compensation claimants in upholding jury verdicts finding given states of fact to show good cause. Williamson v. Texas Indemnity Ins. Co., supra; Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053; National Surety Co. v. Roberts, Tex.Civ.App., 217 S.W.2d 894.

■ The first ground for good cause presents a novel and interesting question. While appellee was receiving compensation he was justified in believing that the payments would continue. Fidelity & Casualty Co. of New York v. Ener, Tex.Civ. App., 97 S.W.2d 267. But there was a seven months' period, while he was gainfully employed, when no compensation payments were made. They were resumed when he again became unable to work. While we have been cited to no authority exactly in point, and have found none, we believe that when an injured employee receives compensation and medical treatment from the insurer for five weeks, and the insurer's physician then advises him that he can do light work, and its claims manager tells him that if they owe him any more money they will pay it, and relying on that promise and the physician's advice the workman returns to the service of his former employer and for seven months receives substantially the same wages as before the injury, and thereupon becoming unable to do further work, his employer sends him back to the insurer's physician for further medical treatment, which is furnished him by the insurer, and compensation payments are resumed and regularly paid for eight or nine weeks before the claim is filed and for two or three weeks after it is filed, the issue of good cause is raised by the evidence.

■ To hold that as a matter of law good cause is not thereby shown is to hold that there is no evidence to support the jury's finding that the test of ordinary prudence has been met. If there is any evidence of care and prudence in the prosecution of appellee's rights, the sufficiency of that evidence is a question for the jury. Texas & N. O. R. Co. v. Blake, Tex.Civ. App., 175 S.W.2d 683, writ refused; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Gifford v. Ft. Worth & D. C. Ry. Co., Tex., 249 S.W.2d 190.

■ Appellant insists that since appellee testified that had he known he was supposed to file a claim for compensation he would have filed one, that is the only reason for his not filing the claim for six months, and because his ignorance of law is no excuse, good cause is negatived by appellee's own testimony, by which he is bound. If appellee's failure to know the requirement of the statute were all we had in this case, appellant's proposition would have to be sustained. Although appellee did not know the law, and would have timely filed his claim had he known the law, it does not necessarily follow that good cause is not otherwise shown. After appellant had paid five weeks' compensation, and after its physician had advised appellee to return to his employment, if its claims manager had not told him that if they owed him any more money they would pay him, it is not unnatural nor unreasonable to suppose that he would have investigated the question as to his rights, and would have acted upon the result of that investigation. It was within the province of the jury to find that an ordinarily prudent man would rely upon the assurance of appellant, who had paid him five weeks' compensation, that if they owed him any more money they would pay him, and that he would return to work under the advice of appellant's physician, and while drawing substantially the same wages as before his injury, could conceivably and justifiably believe that he was not

jeopardizing his chances of receiving compensation should he find that he could no longer work.

Believing that in regard to the ground hereinabove considered, the evidence supported the jury's finding that good cause existed for appellee's failure to file his claim with the Board up until it was filed, we pretermit a discussion of the other alleged grounds.

Another point is that the court erred in failing to declare a mistrial because of the alleged improper, inflammatory and prejudicial argument of plaintiff's counsel.

The argument complained of was as follows: " 'Now, Mr. Sellers is going to tell you that the insurance company can't come back here either. That is true. This is the only law suit that Archie Crain has and I ask you men to think a long time, with the evidence in this case, undisputed. Archie hasn't been proven to be fudging on a single thing. One witness for the insurance company—their old stand by, Dr. Ledbetter. Pay the doctor, pay the insurance lawyer, pay the adjuster to come in there; don't give them the hospital record; don't give a report—keep them all in the dark and come on up with Dr. Ledbetter and maybe we can get a compromise.' "

The court instructed the jury not to consider the argument but we understand appellant's contention to be that it was so inflammatory that the error, if any, was not cured by the instruction.

Dr. Ledbetter testified that he had been a witness eight or ten times for appellant; that he had done considerable work for insurance companies and was often called to testify; that on June 4 he received a letter from appellee's attorneys requesting a report on appellee's condition; that he did not send a report; that he received another letter from appellee's attorneys explaining that appellee had to file a medical report with the Board; he did not answer the letter. He sent a report to the appellant but he did not give appellee a report. He told the hospital custodian not to let appellee's attorneys have the hospital records. An agent of appellant testified that the doc-

tor was being paid for testifying in the case. The doctor said he was not biased in favor of appellant.

■ We are of the opinion that the argument did not constitute reversible error. Counsel has a right to discuss the facts in evidence; this includes the right to discuss the conduct and character of witnesses as revealed by the evidence, and the manner in which his adversary has conducted the case. We do not construe the argument as telling the jury about any effort to compromise the lawsuit, but we think that it was a conclusion of appellee's counsel that what may have appeared to him to be an effort to keep appellee from having a medical report as to his own condition was motivated by the hope that if appellee "is kept in the dark," appellant might profit thereby. In any event, with the court's instruction to the jury to disregard the argument, we think reversible error is not shown. 41–B Tex. Jur., p. 362, sec. 297; City of Waco v. Killen, Tex.Civ. App., 59 S.W.2d 940, writ dismissed.

■ Points six and seven relate to admission of the two letters written by appellee's attorneys, wherein the witness, Dr. Ledbetter, was asked to make a medical report and was told in the letters that the Board required that appellee present a medical report, even though appellant may have submitted one. We fail to see error in this proceeding. The doctor, for some reason, did not furnish appellee with a report. The urgency, as it appeared to appellee, prompted him to bring all the persuasion he could on the doctor to furnish the report, although appellant contends that the Industrial Accident Board does not require the claimant to furnish a medical report. We think whether it does or not is beside the point. The purpose in offering the letters was to show that the witness was biased in favor of appellant, and the more urgent their request for the medical report, the more plausible is their contention that the denial of that request shows bias.

We have carefully considered all of appellant's assignments, but do not believe that reversible error is shown.

The judgment is affirmed.