Linda Kathryn **MORONKO** et vir,
Petitioner,

v.

**CONSOLIDATED MUTUAL INSURANCE
COMPANY, Respondent.**

No. B–861.

Supreme Court of Texas.

Dec. 4, 1968.

Rehearing Denied Jan. 8, 1969.

Schulman & Powell, William R. Powell, Huston, for petitioner.

Zimmerman & Jones, Harry S. Jones and Stephen N. Zimmerman, Houston, for respondent.

HAMILTON, Justice.

This is a workmen's compensation case in which the issue is whether there was evidence to support a jury finding that the claimant had "good cause" for her failure to file a claim within six months after the date of her injury. Mrs. Moronko, the petitioner, fell down an escalator and was injured while working as a saleslady at J. J. Newberry's on May 25, 1965. Although the six month statutory period for filing a workmen's compensation claim expired November 25, 1965, Mrs. Moronko did not file her claim with the Industrial Accident Board until January 12, 1966.

After Mrs. Moronko received her injury, Newberry's compensation carrier and the respondent, Consolidated Mutual Insurance Company, began paying $30.00 weekly benefits to Mrs. Moronko, and continued to do so until December 14, 1965. There is testimony in the record that an agent of the respondent made representations to Mrs. Moronko during this time that she " * * * [shouldn't] worry, everything is taken care of."

At trial, the jury answered affirmatively special issues which found that Mrs. Moronko relied upon those representations and the weekly payments as proof that her claim had been filed. Other special issues found that his reliance constituted good cause for her failure to file her claim " * * * up until the time the same was filed." After the answers to the issues were returned,

the trial court rendered judgment for petitioner for total and permanent incapacity.

The Houston Court of Civil Appeals reversed and remanded the cause. 425 S.W. 2d 838. The Court of Civil Appeals held that there was no evidence of probative force to support the affirmative jury answer that the representations or the payments constituted good cause for petitioner not to file her claim until January 12, 1966. The Court of Civil Appeals based its holding on the facts that the representations and payments stopped respectively on December 7, 1965, and December 14, 1965, and hence there was no reason to excuse Mrs. Moronko's delay from these dates until January 12, 1966. The Court of Civil Appeals did, however, note the presence of some evidence about her consulting an attorney during this mid-December to January 12 period, and reversed and remanded for an issue of good cause for that period of time.

The petitioner, Mrs. Moronko, contends that there was evidence to support the jury finding that she had good cause to delay filing her claim until January 12, 1966.

■ The general rule in determining whether a claimant for workmen's compensation meets the burden of proof in showing that there was "good cause" for a delay past the statutory filing period was stated by this Court in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (Tex.Sup.1948). In *Hawkins*, this Court reversed the lower court judgment denying recovery because good cause was not shown as a matter of law, and enunciated the basic rule that:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently,

whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion." 207 S.W. 2d 370, 372.

In Texas Employers Ins. Assn. v. Fowler, 140 S.W.2d 545 (Tex.Civ.App.—Amarillo 1940, writ. ref'd), a situation similar to the case at bar was faced by the court. As in the case we are now considering, the jury there found that a reasonably prudent claimant would have delayed the filing of his claim for the length of time that he did. The evidence supporting the jury finding was the action of the claimant's lawyers in writing the Industrial Accident Board the day after the claimant learned that his injury was serious, and then gathering information for twenty two more days until they finally filed a final claim.

In *Fowler*, the court simply said that:

"It appears, therefore, that the process of filing the claim for additional compensation for the injury of March 5, 1936, really extended over a period of some twenty two days. Correspondence with the Board was begun on the day following that upon which appellee was informed of the real facts as now claimed by him and seems to have been conducted with reasonable promptness. Considering these facts, we cannot agree with appellant that the record is devoid of any excuse for the delay in filing formal claim immediately following January 12, 1938, * * *." 140 S.W.2d 545, 552.

■ In Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 373, this Court cited the *Fowler* opinion with approval, saying: "These delays subsequent to the visitation of knowledge of the true facts, and the delays prior thereto, are ordinarily elements of prudence to be considered by the jury or the trier of facts in

848

finally determining the question of good cause. * * * " In accord with *Hawkins*, then, the totality of petitioner's conduct after December 14, 1965, must be considered as elemental in determining ordinary prudence. The Court of Civil Appeals admits that the evidence in the record raises an issue of good cause for this period of time. That evidence under the rule enunciated by this Court in *Hawkins* was for the jury's consideration in determining whether petitioner acted as an ordinarily prudent person in delaying filing until the time she filed, January 12, 1966. This is as stated in TEIA v. Crain, 259 S.W.2d 905, 907 (Tex.Civ. App.—Fort Worth 1953, writ ref'd n. r. e.): "To hold that as a matter of law good cause is not thereby shown is to hold that there is no evidence to support the jury's finding that the test of ordinary prudence has been met. If there is any evidence of care and prudence in the prosecution of appellees' rights, the sufficiency of the evidence is a question for the jury."

The Court of Civil Appeals has also held in this case that no issues were submitted to the jury which determined "good cause" over the time the payments stopped and petitioner filed her claim. The Court of Civil Appeals has accordingly remanded the cause.

At trial, the jury found that the weekly payments led the petitioner to believe that her claim had been filed. The jury then answered affirmatively Special Issue No. 13, which read: "Do you find from a preponderance of the evidence that the plaintiff's belief, if any, constituted good cause, as that term has been defined, for the plaintiff's failure to file her claim with the Industrial Accident Board up until the time the same was filed?" "Good cause" was defined for the jury by the court as: " * * such conduct as an ordinarily prudent person would have exercised under the same or similar circumstances."

In a narrow grammatical sense, it is possible that the jury may have construed in Special Issue No. 13 the subject noun "belief" as restricting the verb's object, "good cause", to only that cause emanating from the particular belief induced by the payments. But even with this construction of the issue the reasonableness of her delay until the claim was actually filed would still be included within "good cause" as defined by the court. The jury was deciding whether the petitioner's conduct was that of an "ordinarily prudent person" in delaying filing until she did; the jury could and did find that the cause of this delay was a belief induced by the payments, but that even after the payments stopped she acted "ordinarily prudent" in waiting to file until she did.

In fact these issues are almost identical to those in the *Fowler* case. There the jury found that the claimant's belief that his injury was not serious was a cause for a reasonably prudent person to delay the filing of his claim "for such length of time" until it was there filed. In its decision the court first stated that " * * * it is plain they [the issues] refer to one subject and that is the period of time over which appellee entertained the belief as to the extent of his injuries." 140 S.W.2d 545, 546, 550. The *Fowler* court then disposed of any contention that there was no evidence for delay after the particular belief ceased by simply noting that the claim was filed with reasonable promptness.

This must be the judgment in this case. There was evidence before the jury of petitioner's efforts to file and the jury decided that they showed "ordinarily prudent" action. Considering these facts, we cannot agree that the jury did not weigh as the court directed them the actions of the petitioner as "ordinarily prudent" under the circumstances of her filing.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

REAVLEY, J., not sitting.