The **TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Audrey L. SPEER, Appellee.**

No. 7314.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 24, 1972.

Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

James T. Rudd, Grand Prairie, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Law in which plaintiff recovered for total and permanent dis-

ability in a jury trial. The parties will be referred to here as they were in the trial court.

The primary center of controversy on this appeal concerns the jury findings that plaintiff had good cause for failing to timely file her claim for compensation. Defendant has points of error that there is no evidence and insufficient evidence to support such findings and that such findings are contrary to the great weight and preponderance of the evidence. We look only to the favorable evidence in passing upon the no evidence points, and the entire record in passing upon the other points of error.

The evidence shows plaintiff suffered her injury June 8, 1967, and mailed her claim for compensation June 17, 1968, to the Industrial Accident Board, or slightly more than one year after her accident. The general rules governing our consideration of these points are clearly stated by the Supreme Court of Texas in Moronko v. Consolidated Mutual Insurance Co., 435 S.W.2d 846 (Tex.Sup.1968). Those rules are now so well settled we do not restate them here.

The jury made these findings: That plaintiff believed until about May 18, 1968, that the injury of June 8, 1967, would not disable her from pursuing her customary labors. That her employer told her on or about May 18, 1968, that he would file her claim for compensation with the Industrial Accident Board. That plaintiff relied upon such statement made to her until the time her claim was actually filed. That such belief and reliance constituted good cause for failure to file a claim sooner than it was actually filed. Good cause was defined for the jury so as to apply the ordinary prudent person test.

The evidence supporting such jury finding is substantially as follows: Plaintiff was employed as a secretary by Stewart Title Company. She had been employed by the branch manager, an attorney, in January, 1956. June 8, 1967, her secretarial chair tilted forward causing her to fall on her tailbone. She did not know she was too badly injured although she suffered pain. She received no treatment and continued to work. She used a heating pad and took aspirin. She had pain in her lower back at night for the next six months. After that, the pain got gradually worse and she began to feel it in the daytime. She quit her job May 15, 1968, as she felt she needed some medical attention. She had worked every day from the date of her injury. She had not gone to a doctor during the entire period of time because she had not felt she was sufficiently injured and had not been disabled from performing her work. May 17, 1968, she went to see a doctor who told her she had a ruptured disc. That same day she went back to her employer and told him. Her employer told her he would file a claim for compensation for her. She called an employee of Travelers Insurance Company on May 27, 1968, to see if the claim had been filed. He told her to call back June 3rd to see if the claim had come in. May 31st, she talked with an attorney but did not retain him to represent her until later. She did not want two reports to be filed and decided to wait until June 3rd to see if the first report came to the Insurance Company. She called back on June 3rd and was told no claim had been filed. She then tried, from June 3rd to June 17th, to get in touch with the attorney she later hired, but he was out of town. June 17, 1968, she made her own report and mailed the claim to the Industrial Accident Board. The no evidence points are overruled.

There is some conflicting testimony given, both by plaintiff and other witnesses, which did no more than raise questions of fact for the jury to determine, which it did favorably to plaintiff. We do not find the jury answers to be clearly wrong or manifestly unjust. The remaining points of error as to good cause are overruled.

Defendant next contends that there is no evidence and insufficient evidence to support the jury findings as to total and permanent disability, and that such findings are against the great weight and preponderance of the evidence. These points of error are overruled.

Defendant called the only medical witness and, even though he testified to a degenerative change in plaintiff's back over a ten to fifteen year period of time, he agreed that a fall would probably aggravate the back of a person with a back like the plaintiff's. In fact, he admitted on cross examination, "We felt it was aggravated." He also stated the condition he found in plaintiff's back was traumatic arthritis, that it was permanent and that it could not be corrected by surgery.

Plaintiff testified that her health was good and she had no back trouble before the injury. In addition to the testimony shown above on the "good cause" points, plaintiff testified to her condition from the date she quit her job with Stewart Title Company to the date of the trial. Even though she returned to work several months later, she could no longer work an eight hour day or perform many of the usual tasks required of a secretary such as pulling out heavy file drawers, stooping down and picking up objects, lifting a typewriter, adjusting air-conditioner vents and pulling maps and platts from the top of the library shelf. She was working because of economic necessity. Her testimony was substantiated by her present employer.

The rule as to the sufficiency of the evidence to support a jury finding of total and permanent disability is stated in an opinion of this court in Texas Employers Insurance Association v. Smith, 374 S. W.2d 287 (Tex.Civ.App., Beaumont, 1963, no writ). The evidence in the case before us supports the findings by the jury, and we do not find them to be clearly wrong or manifestly unjust.

We find no merit to the remaining points of error.

Affirmed.