**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Ollie Dale DICKSON, Appellee.**

**No. 6248.**

Court of Civil Appeals of Texas, El Paso.

Nov. 29, 1972.

Rehearing Denied Jan. 31, 1973.

Turpin, Smith, Dyer, Harman & Osborn, James T. Smith, Max N. Osborn, Midland, for appellant.

Dan Sullivan, Andrews, for appellee.

OPINION

PRESLAR, Justice.

This is an appeal from a judgment in a workmen's compensation case in which the jury awarded Appellee compensation benefits for seventy-six weeks for total incapacity and for permanent partial incapacity. We reverse and render.

Appellee's injury occurred on March 17, 1968, and his claim for compensation was filed with the Industrial Accident Board on March 7, 1969. The sole questions for

determination concern the proof of "good cause" for failure to timely file the claim. Under the provisions of Section 4a, Article 8307, Vernon's Ann.Texas Civ.St., his right to compensation benefits is barred because of his failure to file his claim within six months from the date of his injury unless good cause existed for such delay. His asserted good cause was that an adjuster for Appellant, R. A. Taylor, told him that he "would have a year to file the claim," and "why didn't I wait and see how well I got before I done anything." The jury found, in special issues numbered 12 through 15, that R. A. Taylor represented to Appellee that (12) he had at least a year to file his claim and to wait and see if his condition improved before filing his claim, (13) that Appellee relied on such representation, (14) that such reliance caused Appellee to delay, filing continuously until the claim was filed, and (15) "that such reliance upon the representations of R. A. Taylor constituted good cause for Plaintiff's delay in filing his claim continuously until such claim was filed." Because of its importance in our view of the case, we have quoted the wording of issue numbered 15. Briefly, the pertinent facts are that the claimant-Appellee worked a month following his back injury, but was unable to continue because of it. He was then paid compensation for thirteen weeks and had a number of visits or contacts with the adjuster, Taylor. He moved to Colorado in July or August, and on September 23, 1968, he called Taylor about his claim, discussed settlement, and was told that nothing was going to be done about it. Sometime after that, he consulted a Mr. Ratner, a Colorado attorney, who wrote to the adjuster, Taylor, on October 23, 1968, stating that his client was uncertain whether a claim had been filed, requesting the status of the claim, and advising that his client desired to negotiate a settlement, and failing that, to file a claim for compensation or a lawsuit. No reply was received, and a follow-up letter was written by the attorney on November 18th, which was answered by letter dated December 3, 1968, advising

that to the insurance carrier's knowledge, no formal claim had been filed. The Colorado attorney then contacted a Texas attorney, who on January 23, 1969, responded by letter advising as to the Texas procedure for claims, including a statement regarding the six month filing provision. It was stipulated that Appellee was mailed a claim form by the Board on May 9, 1968, in connection with another injury, and that form was later filed by Appellee in February, 1969. That form recited that it had to be filed "with the Board *within Six months after injury*," but Appellee testified that he did not see the underlined provision until he completed the forms in February, 1969. As noted earlier, Appellee's claim in this case was filed on March 7, 1969, for the injury of March 17, 1968.

Appellant contends, by four points of error, that good cause did not exist continually up to the date of filing; that as a matter of law Appellee could not have relied upon representations made by R. A. Taylor; that as a matter of law the time elapsed between the date of the injury and the filing of the claim did not constitute good cause; and that after Appellee was advised by his attorney and learned from the Industrial Accident Board that the claim had to be filed in six months he could not thereafter rely upon other representations to the contrary. As Appellant's four points of error attack the jury finding of "good cause" pursuant to Section 4a, Article 8307, supra, the controlling issue is whether or not the previously enumerated factual situation is sufficient, as a matter of law, to warrant jury determination. The rule as set out by the Texas Supreme Court in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, is as follows:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant

prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion." (Citing authorities).

This language was reiterated and approved by the Texas Supreme Court in Moronko et vir. v. Consolidated Mutual Insurance Company, 435 S.W.2d 846, where the Court stated in addition that "In accord with Hawkins, then, the totality of petitioner's conduct after December 14, 1965, must be considered as elemental in determining ordinary prudence." See also Texas General Indemnity Company v. Youngblood et vir., Tex.Civ.App., 466 S.W.2d 329 (Fort Worth 1971, ref. n.r.e.); Allstate Insurance Company v. Maines, Tex.Civ.App., 468 S.W.2d 496 (Houston 1971); and Maleski v. Texas Employers Insurance Association, Tex. Civ.App., 471 S.W.2d 416 (Corpus Christi 1971).

The case before us does not rest on the totality of the claimant's conduct, for he did not plead and secure jury findings as to that. Rather, his excuse, or "good cause," for late filing was solely the representation of the adjuster that he had a year in which to file his claim. This representation differs from a reliance on some fact such as "it will be taken care of," "your claim has been filed," etc. Those are representations of something within the sole knowledge of the one making the representation and not within the knowledge of the claimant, so he may be entitled to rely on them. Here, the representation was one of law, that you have one year in which to file your claim. This was not something exclusively within the knowledge of the one making the representation. The

jury found that the claimant's reliance on such representation constituted "continuous" good cause—good cause from the date of injury to the date of actual filing of his claim.

■■■ We are of the opinion that good cause was not continuous, that it existed until such time as Appellee-claimant employed an attorney, but did not exist for the some four and one-half months thereafter.

The finding is that good cause existed because of reliance on a misrepresentation of the law. The holding can be upheld as to the period of time when only the claimant and the insurance adjuster were involved, because the facts bring the case under an exception to the general rule that an action will not lie for misrepresentation of a matter of law. In Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176 (Comm. of App. 1939, opinion adopted), the exception was quoted from Towns v. Traders & General Ins. Co., Tex.Civ. App., 107 S.W.2d 460 (Waco 1937), as being:

"But where one party, who possesses superior knowledge as to the law, takes advantage of the other party's ignorance in that respect and intentionally makes a misrepresentation concerning the law for the purpose of deceiving the other party and actually succeeds in that respect, he may be held responsible for his conduct." (Citing authorities).

Both the cited case, and the case quoted from, concerned representations made by an insurance adjuster to a claimant of Workmen's Compensation, as in the case before us. The Commission of Appeals went on to note that there was great disparity between the knowledge of the expert adjuster and the claimant with respect to the particular subject about which the representation was made. The same could be said of the case before us, but that disparity disappeared when the claimant placed his cause in the hands of an attorney. The

law is well settled that an attorney employed to prosecute a claim for workmen's compensation is the agent of the client, and his action or nonaction within the scope of his employment or agency is attributable to the client. Texas Employers Insurance Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90 (1961). In that case the Supreme Court said:

"The Hawkins case does state the law of this State to the effect that the test for 'good cause' is that of ordinary prudence: '* * * whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances.' But this rule must include not only the claimant but the agent of the claimant as we construe the Dean and Dabney cases set out above." (Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053, 1939; American Ind. Co. v. Dabney, Tex.Civ.App., 128 S.W.2d 496, 1939, Dismissed W.O.J., Correct Judgment).

If the action or nonaction of the attorney must be included, it would seem to follow that the knowledge of the attorney-agent likewise would be attributable to the claimant. With an attorney standing in the place of the Appellee-claimant, the exception noted no longer applies, and the parties are under the general rule that one has no right to rely on representations of law. We hold that where the sole reason for good cause is reliance on a misrepresentation of the law, such reliance is not justified when an attorney is acting as the agent of the claimant; that as a matter of law good cause did not exist for the late filing, under the circumstances enumerated.

The judgment of the trial Court is reversed, and judgment is here rendered for the Appellant.

## ON MOTION FOR REHEARING

RAMSEY, Chief Justice (dissenting).

I respectfully dissent. The latest expression of the Supreme Court in Moronko v. Consolidated Mutual Insurance Company, 435 S.W.2d 846 (Tex.Sup.1968), appears to hold to the contrary to the majority opinion in this case. The principal point involved is clarified somewhat when the Supreme Court opinion is considered with the opinion in the same case by the Court of Civil Appeals, Houston (1st Dist.), in its opinion reported in 425 S.W.2d 838.

There is great similarity, in principle, between the Moronko case and this case. Each claimant alleged and obtained findings of good cause for delay in filing the claim due to representations of the insurance company. Each case contained a good cause issue inquiring as to its continuance "until the claim was filed" which was answered favorably for the claimant. In the Moronko case, the Court of Civil Appeals reversed and remanded since Mrs. Moronko was informed on the 7th of December that no more compensation payments would be made and the Appellate Court held that there was no evidence of any probative force to support the answer of the jury extending the good cause to the following January 12. In this respect, the Supreme Court held that the "totality" of the claimant's conduct must be considered in determining ordinary prudence, and that if there is any evidence of care and prudence in the prosecution of the claim during the intervening period, the sufficiency thereof is a question for the jury, which the jury found in the claimant's favor. Separate pleadings and issues for totality of conduct and for the intervening period were not required.

The principal difference between the Moronko case and this case is the length of time involved until the claim was filed. However, since the statute fails to prescribe any time limit on good cause, and since the decisions of this State uniformly adopt the ordinary prudent person criteria in evaluating the claimant's conduct, any evidence of care and prudence, once good cause is established, is a question for the jury under the Moronko case and Texas

Employers' Ins. Ass'n v. Crain, 259 S.W.2d 905 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.).

I would grant the motion for rehearing and affirm the judgment of the trial Court.