**Edith EDWARDS, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 8211.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 31, 1973.

Rehearing Denied Jan. 22, 1974.

Sherman Kusin, Harkness, Friedman & Kusin, Texarkana, for appellant.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

RAY, Justice.

This is a workmen's compensation case. The Liberty Mutual Insurance Company (plaintiff-cross-defendant) appellee filed suit to set aside the award of the Texas Industrial Accident Board and Edith Edwards filed her cross-action alleging that she was totally and permanently disabled as a result of a back injury she received while lifting a box of "plungers" for her employer, Day & Zimmerman, Inc., at Texarkana, Texas. The cause was tried to the court sitting with a jury. After the defendant and cross-plaintiff rested, the trial judge removed the case from the

jury's consideration upon motion of Liberty Mutual Insurance Company and entered judgment that Edith Edwards take nothing because she had not shown good cause for her failure to file her claim for compensation within six months following the date of her alleged injury. Appellant has perfected her appeal and submits two points of error for our consideration.

In appellant's first point of error she states that the trial court erred in withdrawing the case from the jury because the matter of good cause for late filing of a claim for workmen's compensation is a fact question for the jury to determine. Her second point of error is that the trial court erred in entering judgment against her since "good cause for delayed filing of a claim for workmen's compensation exists if an ordinary prudent person under the same or similar circumstances would have delayed filing his claim."

It is doubtful that appellant's points of error present anything for our consideration since they only state principles of law and do not point out the manner in which the trial court erred in rendering judgment against Edith Edwards. Rule 418, Texas Rules of Civil Procedure. However, we believe that the appellant was trying to state that the trial court erred in deciding that no evidence of good cause existed for appellant's late filing of her claim, because, under her circumstances she acted as an ordinarily prudent person would have acted under the same or similar circumstances in delaying the filing of her claim. It is in this light that we have searched the record to see if there was evidence establishing a good cause for the delayed filing. Appellant's brief does not specifically set out what evidence constituted the good cause. Appellant states in her brief that, "The evidence submitted by Edith Edwards as a whole makes good cause a fact question."

 The test for good cause was enunciated in Moronko v. Consolidated Mutual Insurance Company, 435 S.W.2d 846 (Tex.Sup.1968) as follows:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion."

 In Texas Employers' Ins. Ass'n v. Crain, 259 S.W.2d 905 (Tex.Civ.App. Fort Worth 1953, ref'd, N.R.E.) the court stated the following:

"To hold that as a matter of law good cause is not thereby shown is to hold that there is no evidence to support the jury's finding that the test of ordinary prudence has been met. If there is any evidence of care and prudence in the prosecution of appellee's rights, the sufficiency of that evidence is a question for the jury."

This court has recently followed those principles in Liberty Mutual Insurance Company v. Wilson, 495 S.W.2d 579 (Tex. Civ.App. Texarkana 1973, writ ref'd, N.R. E.) and stated:

"Good cause for delayed filing exists under the terms of the cited statute if an ordinarily prudent person under the same or similar circumstances as those shown in this case would have delayed filing a claim as Mrs. Wilson did. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948); Moronko v. Consolidated Mutual Insurance Company, 435 S.W.2d 846 (Tex.Sup.1968); Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.Sup.1966); Texas General Indemnity Co. v. McIl-

**832**

vain, 424 S.W.2d 56 (Tex.Civ.App. Houston 14th, 1968, writ ref'd)."

■ The good cause mentioned in Art. 8307, Sec. 4a, Vernon's Ann.Texas Revised Civil Statutes, has been held to mean continuing good cause. In Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup.1965), certiorari denied, 382 U.S. 994, 86 S.Ct. 576, 15 L.Ed.2d 480, the Texas Supreme Court said:

"It is not enough to satisfy the statutory requirement to prove that good cause for failure to file existed during the six months period; an injured workman owes a duty of continuing diligence in the prosecution of his claim, and must prove that good cause for failure to file continued up to the date of filing."

The pertinent chronological facts in this case are:

| DATE | OCCURRENCE | REFERENCE |
| --- | --- | --- |
| November 2, 1969 | Alleged injury– | S. F. 12 |
| November 5, 1969 | Visit to doctor; full knowledge of injury | S. F. 13a |
| January 2 to August (1970) | Appellant not working | S. F. 18 |
| August 10, 1970 | Employment terminated | S. F. 32 (Defendant's Exhibit 1) |
| Probably January, (1971) | Informed ineligible for unemployment benefits | S. F. 33, 34 |
| Probably the next week (after learning ineligible for unemployment benefits) | Workmen's Compensation claim filed | S. F. 34 |

———◆———

We think the crucial testimony in this case is that of the claimant. She was asked by her attorney the following:

"Q. Why did you wait until January to file your claim in Austin with the Industrial Accident Board?

A. I thought I could draw my unemployment. Mr. Rothrock told me that I could and I took that and went to the Unemployment Office."

Appellee's attorney objected and the trial court sustained the objection and instructed the jury to disregard the answer. No complaint has been made by the appellant to the court's ruling. However, appellant was later allowed to testify that she was denied her unemployment and that about a week after that she filed her claim in Austin. Her counsel asked:

"Q. And, as I understand your testimony, this was your reason for not filing until that time?

A. Yes, sir."

There is no evidence in the record that appellant thought that her injuries were trivial. Appellant's testimony was that on January 5 (1970) she went to see Dr. Knight and that he put her in a brace and that at the date of trial she still had to wear it at times. She further testified that she was not able to bend, lift and stoop.

■ Appellant was terminated by her employer on August 10, 1970, (Defendant's Exhibit 1) due to being physically unable to work at the plant. There is no evidence in the record to show any cause for failing to promptly thereafter file her claim for workmen's compensation. It is doubtful that she ever had good cause to wait be-

yond the statutory six-months period, but the record is clear that she failed to show continuing good cause from August 10, 1970, to sometime in January 1971 for delaying the filing of her claim. Further, under the facts of this case, delaying the filing of her claim until she could determine whether she could draw unemployment compensation, was not, as a matter of law, good cause for failing to timely file her claim. The mere allegation of good cause does not alone raise a fact issue to be presented to the jury. Appellant had the burden of presenting sufficient evidence to raise a fact issue, and not having done so, she cannot now complain of the court's rendering judgment in favor of appellee.

The judgment of the trial court is affirmed.